```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

   FEIFEI GU,

                    Plaintiff,              MEMORANDUM & ORDER
                                            24-cv-5113(EK)(LB)

             -against-

   HANG CHEN; CHAT MUI CHAN; UNITED
   STATES OF AMERICA; RE/MAX REAL ESTATE
   PROFESSIONALS,

             Defendants.


-------------------------------------x
-------------------------------------x

   FEIFEI GU,

                    Plaintiff,              MEMORANDUM & ORDER
                                            24-cv-5179(EK)(LB)

             -against-

   ADA VINCENT JAMES DIDONATO, III;
   UNITED STATES OF AMERICA,

             Defendants.

-------------------------------------x
-------------------------------------x

   FEIFEI GU,

                    Plaintiff,              MEMORANDUM & ORDER
                                            24-cv-4756(EK)(LB)

             -against-

   HANG CHEN; EMILY HUI CHEN-LIANG;
   SUSANA CHONG CHEN; HUI CHEN;
   252685 ST LLC; YU YING WU; THE LLC
```

```
D/B/A XIAO GUO GROUP INC.;
ATHANASIA DIMAGGIO; CHAT MUI CHAN;
HUGO SALAZAR; RE/MAX REAL ESTATE
PROFESSIONALS; AMY LESSINGER; RE/MAX,
LLC; ERIK CARLSON; RE/MAX HOLDINGS;
VINCENT JAMES DIDONATO, III; ADA JOHN
DOES (1-2); ADA JANE DOE; LAWRENCE
LUSHER; ERIC GONZALEZ; NANCY HOPPACK;
NICOLE CHAVIS; JOSEPH P. ALEXIS;
RICHARD BOYENS; JANET GLEESON; DAVID
KLESTZICK; PATRICIA MCNEILL; FRAN
WEINER; JOSEB GIM; KIN W. NG; LETITIA
JAMES,

                    Defendants.

---------------------------------------x
---------------------------------------x

FEIFEI GU,

                    Plaintiff,              MEMORANDUM & ORDER
                                            24-cv-8444 (EK)(LB)

          -against-

MARK SALEM; JOY F. CAMPANELLI; ROVENA
BEQIRI; JOSEPH CADMAN; WENDY CIDSCO;
JANE DOE OF KINGS COUNTY SUPREME
COURT EX PARTE PART; STATE OF NEW
YORK,

                    Defendants.

---------------------------------------x
```

ERIC R. KOMITEE, United States District Judge:

## Filing Injunction

Plaintiff Feifei Gu has now filed a number of frivolous lawsuits in this district. In 2023, Gu filed two actions related to a landlord-tenant proceeding, which the Court

2

dismissed. Then, in 2024, Gu filed six duplicative actions related to her arrest for criminal mischief. In each action, she has proceeded *pro se*. For the following reasons, the Court imposes a filing injunction against Gu, restricting the filing of new cases without leave of Court.

## I. Background

Each of plaintiff's eight suits in this Court is duplicative of at least one other action.

In 2023, Gu filed two suits related to a landlord-tenant proceeding in Kings County Housing Court. She sued the petitioner-landlord and the judge presiding over that state court matter. The Court consolidated these cases and dismissed both pursuant to 28 U.S.C. § 1915. The Second Circuit dismissed plaintiff's appeal, and the Supreme Court denied certiorari. *See Gu v. Zeng*, No. 23-cv-4168, 2023 WL 4138519 (E.D.N.Y. June 22, 2023), *appeal dismissed sub nom. Gu v. Jimenez*, No. 23-1038, 2023 WL 9231563 (2d Cir. Nov. 22, 2023), *cert. denied*, 144 S. Ct. 1396 (2024).

In 2024, the volume of duplicative actions increased. She initiated six suits related to her January 2024 arrest for criminal mischief, following allegations that she damaged her

3

landlord's property, and her subsequent prosecution for that offense.

Plaintiff filed her first three 2024 cases, *Gu v. Chen*, No. 24-cv-5113; *Gu v. Didonato*, No. 24-cv-5179; and *Gu v. Chen*, No. 24-cv-4756, in the Southern District of New York. That court transferred the cases to this district in June and July 2024. See ECF No. 5 (on each docket).

In September 2024, Gu filed an additional case in this district related to her criminal mischief arrest, *Gu v. Sher*. Because plaintiff sought a temporary restraining order in *Sher*, this Court turned to it first, denying the TRO application and dismissing the case in its entirety. *See Gu v. Sher,* No. 24-CV-6157, 2024 WL 4252034 (E.D.N.Y. Sept. 20, 2024) [hereinafter Sept. Mem. & Order]. As *Sher* was plaintiff's fourth action related to the same events, the Court warned Gu that "the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of a[] [filing] injunction . . . ." *Id*. at *5.

Undeterred by *Sher*'s dismissal or this Court's warning, Gu filed an additional suit in the Northern District of New York, *Gu v. Salem*. That case, too, was transferred to this district. *See* Docket No. 24-cv-7933. Gu stipulated to dismiss

4

that action (without prejudice) in December 2024. *See* ECF Nos. 12-13. However, Gu then filed yet another action in this district in December 2024, also captioned *Gu v. Salem,* No. 24-cv-8444. In the later-filed *Salem* case, plaintiff paid the Court's filing fee.

By Memorandum & Order dated February 27, 2025, the Court dismissed Gu's four surviving cases related to her criminal mischief arrest, which were consolidated only for the purpose of that order. *See Gu v. Chen*, No. 24-CV-4756, 2025 WL 638424 (E.D.N.Y. Feb. 27, 2025) [hereinafter "Feb. Mem. & Order"].[1] Plaintiff's claims against certain defendants were dismissed for lack of subject matter jurisdiction. *See id.* at 10. The Court dismissed her other claims with prejudice — for failure to state a claim, as frivolous, or because plaintiff had already attempted unsuccessfully to plead related claims. *See id*.

The February 2025 Order detailed plaintiff's extensive litigation history in the United States District Courts for the Eastern and Southern Districts of New York, and repeated the Court's prior warning that the Court was considering a filing injunction. *See* Feb. Mem. & Order *9-10. The Court directed

---

[1] The four cases are *Gu v. Chen,* No. 24-cv-5113; *Gu v. Didonato,* No. 24-cv-5179; *Gu v. Chen,* No. 24-cv-4756; and *Gu v. Salem*, No. 24-cv-8444,

5

plaintiff to show cause by March 17, 2025, why she should not be enjoined from bringing future proceedings in this district without leave of Court. *Id.* at *10.

Plaintiff did not respond to this Court's directive to show cause. However, on March 21, 2025, she filed identical Notices of Appeal for each case dismissed in the February 2025 Order. Those notices purported to concern "the decision which dismissed the Complaints and restrained plaintiff from filing in EDNY." *See, e.g.*, *Gu v. Salem*, No. 24-cv-8444, ECF No. 14. As of that date, however, the Court had not imposed a filing injunction. Thus, her "notice of appeal was premature, and therefore, was a nullity" as to the injunction. *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996). Consequently, Gu's "notice of appeal did not divest the district court of jurisdiction . . . ." *Id.*; *see also Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (holding that "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters," including the imposition of sanctions).

## II. Discussion

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."

6

*Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).[2]

"[I]n determining whether or not to restrict a litigant's future access to the courts" through a filing injunction, Courts consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id*. The balance of factors weighs in favor of a filing injunction against Gu.[3]

        The first *Safir* factor looks to a plaintiff's litigation history. "There is not . . . a strict

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[3] Plaintiff's payment of the filing fee in *Gu v. Salem,* No. 24-cv-8444, does not prevent the Court from imposing a filing injunction. The Court may dismiss an action *sua sponte* even if the plaintiff has paid the filing fee and may enter filing injunctions against any plaintiffs who abuse the judicial process. *See* Feb. Mem. & Order *2, *9-10.

numerosity requirement that must be met before a district court may exercise its discretion to enjoin a litigant from filing future actions. Rather, the Court must consider the record as a whole and the likelihood that the litigant will continue to abuse the judicial process." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). Gu now has a substantial record of filing duplicative and meritless lawsuits. In 2023, the Court dismissed Gu's two lawsuits related to a landlord-tenant proceeding. *See Zeng*, 2023 WL 4138519 at *1 (consolidating two cases, denying a TRO application in each case, and dismissing plaintiff's claims). In 2024, she filed six additional lawsuits stemming from her arrest for criminal mischief. The Court addressed these cases in the September 2024 and February 2025 orders discussed above.[4]

This is a sufficiently large number of frivolous actions to weigh in favor of a filing injunction, especially given her decision to ignore two warnings. Even after the Court warned her in September 2024 that future vexatious filings on the same subject would result in the imposition of a filing injunction, she filed two additional

---

[4] As noted above, Gu voluntarily dismissed one of the actions. *See Gu v. Salem,* No. 24-cv-7933, ECF Nos. 12-13.

duplicative suits – one in the Northern District of New York (transferred here), and one originating in this district.  *See Gu v. Salem*, No. 24-cv-7933; *Gu v. Salem*, No. 24-cv-8444.  *See, e.g., Tooker v. Quest Ventures, Ltd.*, No. 2:21-CV-01290, 2024 WL 127966, at *2 (E.D.N.Y. Jan. 11, 2024) (plaintiff's six appeals from one underlying bankruptcy action and one related action warranted filing injunction).

      The second factor addresses whether a plaintiff has a good-faith basis for believing her claims will be successful.  Gu cannot have such a belief.  The Court has dismissed all of her actions as meritless.  Moreover, she has failed to accept this Court's decisions.  As discussed above, even after the Court dismissed *Sher,* Gu filed two additional actions pleading similar facts and asserting similar claims.  *See Gu v. Salem*, No. 24-cv-7933; *Gu v. Salem,* No. 24-cv-8444.  There was no apparent reason for her to believe these cases would result in a different outcome.  *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (upholding filing injunction because plaintiff had little basis to believe he would prevail, after similar actions had been

dismissed); *Tooker,* 2024 WL 127966, at *3 ("Because this Court has already rejected [plaintiff's] arguments, she cannot have an objective good faith expectation of prevailing on them in this Court or at the Second Circuit.").

The third factor inquires whether plaintiff is represented by counsel.  Gu is proceeding *pro se.*  Though the Second Circuit has "recognized that *pro se* litigants, in many cases, are entitled to special solicitude," the Circuit has "not altogether excused frivolous or vexatious filings by *pro se* litigants."  *Eliahu,* 919 F.3d at 715; *see also Niles v. Wilshire Inv. Grp., LLC,* 859 F. Supp. 2d 308, 342–43 (E.D.N.Y. 2012) ("[A] court's authority to enjoin vexatious litigation extends equally over *pro se* litigants and those represented by counsel . . . .").  In the February 2025 order, the Court dismissed Gu's claims as frivolous because they pursued "indisputably baseless legal theor[ies]." Feb. Mem. & Order *2, *10 (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).  Her other actions in this Court were similarly meritless.  Thus, Gu's *pro se* status does not counsel strongly against the imposition of a filing injunction.

10

The fourth *Safir* factor addresses whether a plaintiff has "posed an unnecessary burden on the courts." 792 F.2d at 24. The Court has spent significant time addressing her duplicative, non-meritorious cases, writing multiple orders addressing her claims. *See generally* Feb. Mem. & Order; Sept. Mem. & Order; *Zeng*, 2023 WL 4138519. Moreover, Gu's actions have posed an unnecessary burden on the public. Gu has "injured all litigants with cases pending in the district court (or who have decided to forgo meritorious claims because of the likely delay) . . . by diverting considerable judicial resources to h[er] voluminous litigation." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984). She has repeatedly sued defendants who are immune, improperly asked the Court to intervene in her state court actions, and sued private (that is, non-state actor) defendants pursuant to 42 U.S.C. § 1983, among other meritless legal theories. *See,* e.g., *Chen*, 2025 WL 638424 at *3-9.

The final factor inquires whether other sanctions would be adequate. And based on the filing history here, it is improbable other sanctions would be effective. As discussed above, Gu failed to heed warnings that further

11

filings would result in an injunction.  *See Schuster v. Charter Commc'ns, Inc.,* No. 18-CV-1826, 2021 WL 1317370, at *10 (S.D.N.Y. Apr. 8, 2021) (no other sanction would be adequate where, "despite clear notice that [plaintiff's] lawsuit might be dismissed and that a filing injunction might be imposed" plaintiff failed to comply with court directives).

Thus, the balance of *Safir* factors counsels in favor of a filing injunction.  It is likely that Gu will continue to file frivolous litigation in this district.

### III. Injunction

Accordingly, Feifei Gu is ENJOINED from filing any new action (whether fee-paid or *in forma pauperis*) in the United States District Court for the Eastern District of New York without first obtaining permission from the Court, as outlined in the February 2025 Order.

To eliminate the need to write a decision any time plaintiff makes a frivolous filing (as that would largely defeat the purpose of the injunction), the injunction shall be implemented as follows:

12

(1) The Clerk of Court is respectfully directed to open a miscellaneous case titled "In re Feifei Gu" and file a copy of this Order under that miscellaneous docket number.

(2) Any new action by Feifei Gu shall be filed under the miscellaneous docket number.

(3) The Court will review the filing and if it determines that the proposed complaint should not proceed, no further action will be taken.

(4) If the Court determines that the proposed complaint should proceed, the Court will grant permission to file and direct the Clerk of Court to open a new civil matter in which the complaint and leave application will be filed and Feifei Gu will be notified by the Clerk of Court to pay the filing fee or request *in forma pauperis* status.

### IV. Conclusion

Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Order. Although plaintiff paid the filing fee to commence one of her actions, *Gu v. Salem*, she proceeded *in forma pauperis* in others. Thus, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of

an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

       SO ORDERED.

                                     /s/  
                                    ERIC R. KOMITEE  
                                    United States District Judge

Dated:    April 1, 2025  
            Brooklyn, New York